IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RON MILLER,

      Petitioner,

vs.

                                         **CASE NO. 4:09cv351-RH/WCS**

KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,[1]

      Respondent.

_____/


## REPORT AND RECOMMENDATION

      This is a petition for writ of habeas corpus filed by Ron Miller pursuant to 28

U.S.C. § 2254.  Doc. 1.  He has also filed a supplement and a memorandum.  Docs. 5

and 9.  Petitioner challenges his conviction for aggravated battery upon a pregnant

woman, case number 2005 CF 514, in the Circuit Court of the Second Judicial Circuit, in

and for Leon County, Florida.  *Id.*  He was sentenced to 15 years in prison as a Prison

Releasee Reoffender.  Respondent filed an answer and the record in paper form.  Doc.

_____

      [1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the
Secretary of the Florida Department of Corrections, and is automatically substituted as
Respondent.  Fed.R.Civ.P. 25(d).

17.  Respondent notes that the petition was timely filed.  Doc. 17, p. 6.  Petitioner has

not filed a traverse.  References herein to exhibits are to the record in paper form.

**Summary of the trial evidence**

The victim, Crystal Bryant, was 19 years old.  Ex. P (initial brief on appeal), p. 3.

She was three months pregnant on February 1, 2005, when the offense was committed,

and Petitioner was the father.  *Id.*  The child was born on July 3, 2005.  *Id.*

On the night of the offense, Petitioner went to her home looking for keys to a

rental car.  *Id.*  The victim had taken the keys from him because she was mad at him.

*Id.*  The victim reported to the police that Petitioner pushed, choked, and scratched her.

*Id.*  At trial, she denied that she had accused Petitioner, and said that she had falsely

accused him because she was angry at him.  *Id.*, p. 4.

Officer Robert Newberry testified that when he arrived at the scene, the victim

was upset and she had fresh marks on her neck, which he described as three or four

scratches.  *Id.*, p. 5.  Newberry testified that the victim accused Petitioner of assaulting

her that evening.  *Id.*

An eye witness, Corine Henderson said she saw that Petitioner was angry about

the car keys and he pushed the victim against the wall, not in a nice way.  *Id.*, p. 6.

Henderson called the police.  *Id.*  Henderson said she did not see Petitioner choke the

victim, and she did not see how the victim could have gotten scratch marks on her neck.

*Id.*, p. 7.

Petitioner presented no evidence.  *Id.*  He was questioned by the court to confirm

his decision not to testify.  *Id.*

**Section 2254 Standard of Review**

The court may grant federal habeas corpus relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A state prisoner must first present all federal claims in state court.  § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  He "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  526 U.S. at 845, 119 S.Ct. at 1732; Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (applying this "one complete round" requirement to the state collateral review process as well as direct appeal).  If a claim is not properly presented in state court and procedurally barred from further state court review, a petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).  On the other hand, a § 2254 petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  § 2254(b)(2).

For a claim which has been properly exhausted and adjudicated on the merits in state court, review is limited.  The state court's determination of a factual issue is presumed correct, unless the petitioner can rebut the presumption by clear and convincing evidence.  § 2254(e)(1).  If the petitioner failed to develop the factual basis for a claim in state court, an evidentiary hearing in § 2254 proceedings is limited by § 2254(e)(2).  *See also* Cullen v. Pinholster, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557

(2011) (holding that review under § 2254(d)(1), discussed here ahead, "is limited to the record that was before the state court that adjudicated the claim on the merits," so the federal court may not rely on new evidence developed in the § 2254 proceedings).[2]

Further, the petitioner must show that the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).

Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions. Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court. 28 U.S.C. § 2254(b). If the state court rejects the claim on procedural grounds, the claim is barred in federal court unless one of the exceptions to the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 82–84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), applies.[3] And if the state court denies the claim on the merits, the claim is barred in federal court unless one of the exceptions to § 2254(d) set out in § § 2254(d)(1) and (2) applies. Section 2254(d) thus complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding, *see id.*, at 90, 97 S.Ct. 2497.

---

[2] Cullen did not address whether a district court could choose to hold a hearing under § 2254(e)(2) to determine whether § 2254(d)(2) was satisfied. 131 S.Ct. at 1401, n. 8 and 1411, n. 20.

[3] To excuse a procedural default, as noted in Wainwright and the cases cited *supra*, a petitioner must demonstrate either cause and prejudice or actual, factual innocence.

Harrington v. Richter, 562 U.S. __, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011).  If the

state court issues an opinion, it need not cite or even be aware of controlling Supreme

Court cases under § 2254(d).  *Id.*, 131 S.Ct. at 784 (citation omitted).  Further:

> Where a state court's decision is unaccompanied by an explanation, the
> habeas petitioner's burden still must be met by showing there was no
> reasonable basis for the state court to deny relief.  This is so whether or
> not the state court reveals which of the elements in a multipart claim it
> found insufficient, for § 2254(d) applies when a "claim" not a component of
> one, has been adjudicated.

*Id.*

For an ineffectiveness of counsel claim, the "clearly established" standard is set

forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under Strickland, "[a] convicted defendant making a claim of ineffective assistance of

counsel must identify the acts or omissions of counsel that are alleged not to have been

the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In

determining whether counsel gave adequate assistance, "counsel is strongly presumed

to have rendered adequate assistance and made all significant decisions in the exercise

of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  Petitioner

has a heavy burden, as he must show that "no competent counsel would have taken the

action that his counsel did take."  Fugate, 261 F.3d at 1217 (citation omitted).  There are

no rigid requirements or absolute duty to investigate a particular line of defense, and

"more is not always better."  *Id.* (citations omitted).

Even if deficient performance is demonstrated, a petitioner must also show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068.

It must be "reasonably likely" the result would have been different; "[t]he likelihood of a

different result must be substantial, not just conceivable."  <u>Harrington</u>, 131 S.Ct. at 793

(citations omitted).

While <u>Strickland</u> explained the performance and prejudice prongs of analysis, the

court need not address them in that order or even address both, as failure to

demonstrate either step of <u>Strickland</u> is dispositive of the claim against the petitioner.

466 U.S. at 697, 104 S.Ct. at 2069.

> The <u>Strickland</u> standard itself is hard to satisfy, but:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  *The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

<u>Harrington</u>, 131 S.Ct. at 788 (citations omitted, emphasis added).

**Legal analysis**

**Ground one**

Petitioner asserts that the evidence was insufficient to prove all material

elements of the offense.  Doc. 1, p. 4.  In his memorandum, Petitioner calls this a

conviction for a non-existent criminal offense, and that the elements were not proven

beyond a reasonable doubt.  Doc. 9, pp. 4-5.

The elements of battery upon a pregnant women in violation of FLA. STAT. §

784.045(1)(b), as Petitioner was charged (Ex. A), are that (1) the defendant intentionally

touched or struck another person against the latter's will *or* intentionally caused bodily

harm to another person, (2) the victim was pregnant at the time of the battery, and (3)

the defendant "either knew or should have known at the time of the battery that the

victim was pregnant."  Small v. State, 889 So. 2d 862, 862  (Fla. 1st DCA 2004).

This claim was raised in Petitioner's Rule 3.850 motion, and denied by the trial

court as follows:

> The charge of aggravated battery on a pregnant victim is a crime and was
> a crime on the offense date in this case.  *See* Section 784.045(1)(b), Fla.
> Stat. (1995).   The defendant further alleges that the evidence presented
> was insufficient to support a conviction.  This is an issue which should or
> could have been raised on direct appeal and as such is denied as
> procedurally barred.

Ex. U, R. 44.

The court then said that if it were to consider the claim, it would be denied as

meritless and explained that the evidence was sufficient.  *Id.*  The court pointed out that

the victim testified that Petitioner knew she was pregnant, the investigating officer

observed scratch marks on the victim's neck and said that the victim told him that

Petitioner tried to choke her, and an eye witness said that Petitioner pinned the victim

against the wall in an aggressive manner in an effort to get the car keys.  *Id.*, R. 44-45.

The definition of the elements of a state criminal offense is entirely a question of

state law.  Schad v. Arizona, 501 U.S. 624, 636-637, 111 S.Ct. 2491, 2499-2500, 115

L.Ed.2d 555 (1991) (plurality) (Supreme Court is not at liberty to ignore a state law

determination that statutory alternatives are means of committing a single crime rather

than independent elements under state law); Hall v. Wainwright, 493 F.2d 37, 39 (5th

Cir. 1974) (adoption of a single larceny doctrine, that taking several things at the same

time is a single crime, is "strictly a matter of state law.").[4]  Cf., Machin v. Wainwright,

758 F.2d 1431, 1435 (11th Cir. 1985), citing, Jackson v. Virginia, 443 U.S. 307, 324 n.

16, 99 S.Ct. 2781, 2792 n. 16, 61 L.Ed.2d 560 (1979) (sufficiency of the evidence is

determined "with reference to the substantive elements of the offense as defined by

state law." ); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990) (same).  "It is a

'fundamental principle that state courts are the final arbiters of state law, and federal

habeas courts should not second-guess them on such matters.' "  Herring v. Secretary,

Dept. of Corrections, 397 F.3d 1338, 1355 (11th Cir.), cert. denied, 546 U.S. 948

(2005), quoting, Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir.1997) (citations

omitted).  This court cannot review the state court's decision that the crime charged was

a crime for purposes of state law.

    The sufficiency of the evidence should have been litigated by direct appeal from

a denial of a motion for judgment of acquittal.[5]  It was not.  Ex. P (initial brief on direct

appeal).  The second part of the claim concerning the sufficiency of the evidence,

therefore, is procedurally defaulted as the state court so found.  Johnson v. Alabama,

---

[4] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit
rendered prior to October 1, 1981, and of Unit B of the former Fifth Circuit.  Bonner v.
City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981); Stein v. Reynolds, Inc., 667 F.2d
33, 34 (11th Cir. 1982).

[5] "A motion for a judgment of acquittal is designed to test the legal sufficiency of
the evidence."  Williams v. State, 845 So. 2d 987, 988 (Fla. 1st DCA 2003).  Issues not
presented in a motion for judgment of acquittal are waived for appellate review.  Vargas
v. State, 845 So. 2d 220, 221 (Fla. 2d DCA 2003).  The exception is fundamental error,
which does not require a contemporaneous objection.  J. B. v. State, 705 So. 2d 1376,
1378 (Fla. 1998).

256 F.3d 1156, 1170 (11th Cir. 2001), *cert. denied*,  535 U.S. 926 (2002).  When a state

court's decision rests on an independent and adequate state procedural ground, a

federal court will not address the alleged constitutional violation, absent a showing of

cause for the procedural default and prejudice to the outcome.  Coleman v. Thompson,

*supra*, 501 U.S. at 729, 750, 111 S.Ct. at 2554; Harris v. Reed, 489 U.S. 255, 264, n.

10, 109 S.Ct. 1038, 1044, n. 10, 103 L.Ed.2d 308 (1989).

> Petitioner has not alleged or shown cause for his procedural default, or prejudice

to the outcome.  While it is not entirely clear, it is assumed that Petitioner's claim in the

state court and this court is that the evidence was so insufficient as to deny due

process.

> The "critical inquiry" for § 2254 challenges to the sufficiency of the
> evidence supporting a state conviction "is whether, after viewing the
> evidence in the light most favorable to the prosecution, any rational trier of
> fact could have found the essential elements of the crime beyond a
> reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct.
> 2781, 2788-89, 61 L.Ed.2d 560 (1979).

Owen v. Secretary for Dept. of Corrections, 568 F.3d 894, 918 (11th Cir. 2009), *cert.*

*denied*, 130 S.Ct. 1141 (2010).

> Petitioner has not shown that the evidence was so insufficient as to deny due

process, and thus has not shown prejudice to the outcome.  He admits that the victim

told Officer Newberry that Petitioner choked her, and that Officer Newberry testified as

to the extent of the scratch marks on the victim's neck, showing bodily harm.  Doc. 9, p.

7.  Officer Newberry testified that he observed scratch marks on the victim's neck, and

she told him at the scene that Petitioner had choked her and pushed her against the

wall.  Ex. C (trial transcript), pp. 38, 44.  This was enough for the jury to conclude that

Petitioner intentionally caused bodily harm to the victim.  There was also evidence from a witness who saw Petitioner push the victim against the wall.  Ex. C (trial transcript), p. 53 (Petitioner pushed the victim against the wall and did not do it in a "nice" way).  The rest of the argument simply raises questions of credibility (whether the victim was credible when she recanted), questions which were properly resolved by the jury.  *Id.*, pp. 6-9.  For all of these reasons, this court cannot reach the merits of ground one.

**Ground two**

Petitioner contends that his trial counsel was ineffective with respect to arguments presented in support of the motion for judgment of acquittal.  Doc. 1, p. 4.  He argues that his attorney failed to follow Florida procedural law (FLA. R. CRIM. P. 3.380(b)) by filing a formal motion for judgment of acquittal.  Doc. 9, p. 14.  Instead, counsel made an oral motion.  *Id.*, p. 15, citing page 62 of the trial transcript.  Petitioner contends that counsel was ineffective because the oral motion was "devoid of the required specific grounds and supporting case law doctrine mandated by the rule."  *Id.*

Counsel moved for judgment of acquittal, arguing that the victim had denied that Petitioner had "done anything to her."  Ex. C, p. 62.  The trial court denied this claim in the Rule 3.850 motion, noting that counsel had moved for judgment of acquittal, but there was evidence to sustain the jury's finding and thus Petitioner had not shown that, but for counsel's actions, there was a reasonable probability that the outcome would have been different (citing Strickland).  Ex. U, R. 45.

Petitioner's appeal from denial of this Rule 3.850 claim was dismissed as untimely filed.  Exs. Y and AA.  The "one complete round" exhaustion requirement set forth in O'Sullivan v. Boerckel, *supra*, applies to post-conviction review as well, and a

prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (Florida prisoner must appeal denial of Fla.R.Crim.P. 3.850 relief to exhaust remedies); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1261 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1458 (2006) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing Coleman); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("Boerckel applies to the state collateral review process as well as the direct appeal process").  Thus, the claim is procedurally defaulted, and this court cannot reach the merits absent a showing of cause and prejudice.

Petitioner has not shown cause.  Filing a timely appeal from denial of his rule 3.850 motion was within his control.

Prejudice has not been shown either.  Apply the doubly deferential standards created by Strickland and § 2254(d), Petitioner has not shown that the trial court's disposition of this claim as raised in the Rule 3.850 motion was an unreasonable application of Strickland.  In particular, Petitioner has not identified any argument that his attorney failed to make that probably would have changed the outcome.  The arguments all attacked the credibility of the witnesses, overlooking the fact that there was some evidence from which a rational jury could find guilt beyond a reasonable doubt by application of the Jackson standard.  Credibility of witnesses is for the jury to decide.

**Ground three**

Petitioner contends that his sentence as a prison releasee reoffender pursuant to

FLA. STAT. § 775.082 was illegal because based upon "inadmissible hearsay evidence."

Doc. 1, p. 5.  He further argues that he was denied his right to cross examine the

custodian of records for the Florida Department of Corrections during sentencing, an

alleged violation of the Confrontation Clause,.  Doc. 9, p. 18.  He argues that the

computer printout that was used failed to comply with FLA. R. EVID. 90.803(a) and

90.902(11, (4), because not notarized or attached to a "certified certificate of records,"

and thus was hearsay.  *Id.*, p. 19.

Like ground two, this claim is procedurally defaulted because it was raised by

Rule 3.850 motion, ruled upon by the trial court, Ex. U, R. 45-46,[6] and Petitioner's

appeal was dismissed as untimely filed.  Petitioner has not shown cause for that default.


Moreover, the court should deny the claim on the merits, notwithstanding the

procedural default.  § 2254(b)(2).  Crawford v. Washington, 541 U.S. 36, 124 S.Ct.

1354, 158 L.Ed.2d 177 (2004) does not apply to use of hearsay evidence in non-capital

sentencing.  United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005), *cert.*

*denied*,  547 U.S. 1034 (2006).

---

[6] The trial court determined that the certified documents were properly admitted
as business records, the state was prepared to present testimony by a fingerprint
expert, and Petitioner did not challenge the accuracy of the records except as a hearsay
problem, and held that where the truth was not disputed, the state did not need to
provide corroborating evidence, citing Jennings v. State, 595 So. 2d 251 (Fla. 1st DCA
1992).  Ex. U, R. 45-46.

**Ground four**

Petitioner contends that his conviction was the result of an erroneous jury instruction.  Doc. 1, p. 4.  He contends that the third element was omitted.  Doc. 9, p. 22.  He contends that this caused him to be convicted of a "non-existent offense."  *Id.*  He also argues that the trial court erred in failing to instruct as to the definition of bodily harm.  *Id.*, p. 23.

The instruction given by the trial court was that the offense included two elements:

> One, Ron Miller actually and intentionally touched or struck  Crystal Bryant against her will or intentionally caused bodily harm to Crystal Bryant; two, Ron Miller, in committing the battery, knew or should have known that Crystal Bryant was pregnant.

Ex. C, p. 67.  Thus, the apparent missing instruction was that Crystal Bryant was in fact pregnant, a fact that is implicitly contained in the second element as instructed.

The issue was raised in the Rule 3.850 motion.  The trial court denied it as procedurally defaulted because not raised on direct appeal.  Ex. U, R. 46.  The court also noted that the standard jury instruction at the time only included two elements.  *Id.*

This court need not reach the merits of this claim for a number of reasons.  First, the Rule 3.850 found it to be procedurally defaulted.  It was again procedurally defaulted when Petitioner filed an untimely appeal from denial of his Rule 3.850 motion.  As with the other defaulted claims, Petitioner has not shown cause or prejudice for his default.

Further, the court may reach the merits of the claim to deny it.  A violation of a state rule of procedure or of a state law is not itself a violation of the federal constitution.  Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982);

Carrizales v. Wainwright, 699 F.2d 1053, 1054-1055 (11th Cir. 1987) (jury instruction).

State law trial error, however, may be the premise for a federal due process claim if the

error causes a denial of a fundamentally fair trial.[7]  But Petitioner has not made that

showing.  The instruction given, while phrased as two elements, was not fundamentally

misleading.  A finding as to the second element could not have been made unless the

jury also determined that the victim was pregnant.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2);

Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I

recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

---

[7] Bronstein v. Wainwright, 646 F.2d 1048, 1056 (5th Cir., Unit B 1981); Shaw v.
Boney, 695 F.2d 528, 530 (11th Cir. 1983) (citing cases); Jameson v. Wainwright, 719
F.2d 1125, 1127 (11th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984); Futch v. Dugger,
874 F.2d 1483, 1487-1488 (11th Cir. 1989); Machin v. Wainwright, 758 F.2d 1431,
1433-1434 (11th Cir. 1985); Carrizales, *supra*, 699 F.2d at 1055.

issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

 **Conclusion**

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by Ron Miller pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated battery upon a pregnant woman, case number 2005 CF 514, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, be **DENIED WITH PREJUDICE**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 12, 2011.

<u>s/     William C. Sherrill, Jr.</u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

   **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**